UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN TAYLOR,<br>PAMELA TAYLOR,<br>      Plaintiffs,<br>   v.<br>OTIS ELEVATOR COMPANY,<br>      Defendant. | **DECISION**<br>**and**<br>**ORDER**<br><br>**12-CV-196F**<br>(Consent) |

APPEARANCES:   LIPSITZ GREEN SCIME CAMBRIA LLP
               Attorneys for Plaintiffs
               WILLIAM P. MOORE, of Counsel
               42 Delaware Avenue, Suite 120
               Buffalo, New York  14202

               BURDEN, GULISANO & HICKEY, LLC
               Attorneys for Defendant
               JONATHAN S. HICKEY, of Counsel
               605 Brisbane Building
               403 Main Street
               Buffalo, New York  14203

By papers filed February 13, 2013, Defendant seeks medical authorizations duly executed by Plaintiff from 10 medical providers, Medicaid, and Fidelis Care ("Defendant's motion") (Doc. No. 15).

Alleging Defendant's negligence in maintaining the proper operation and maintenance of its elevator at Plaintiff's place of employment, Plaintiff asserts extensive injuries to his left knee resulting in $1 million in damages, plus a $500,000 consortium claim, associated with pain, and a limitation on Plaintiff's physical ability to engage in normal daily functions including social and physical activities, loss of employment, and life's enjoyment.  Despite Plaintiff's belated disclosure of several prior serious physical injuries arising from an auto accident, a work-related injury, and a self-inflicted gunshot

wound, Plaintiff resists Defendant's requests for authorizations for medical treatments in connection with such prior accidents. Specifically, Plaintiff asserts the requested information is privileged and irrelevant. (Doc. No. 25 ¶ ¶ 8, 10). Based on the court's review of the papers submitted by the parties, the court finds there is no merit in either contention.

A review of Plaintiffs' responses to Defendant's request for a Bill of Particulars and Defendant's First Interrogatories and Document Production demands indicates Plaintiffs failed to mention the physician-patient, or any other privilege, as an objection to Defendant's requests. By failing to timely assert the privilege objection in Plaintiff's response to the Defendant's motion (Doc. No. 25 ¶ 8), Plaintiff has waived such objection. *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237-38 (W.D.N.Y. 1998) (failure to comply with rules governing objections to discovery based on privilege waives the privilege). Second, in serious injury cases, the relevancy of plaintiff's prior medical history is broadly construed. *See In re Air Crash Near Clarence Center, New York, on February 12, 2009*, 2011 WL 6370189, at *3 (W.D.N.Y. Dec. 20, 2011) (deceased's medical history relevant to wrongful death claim). The court is also unable to determine that none of Plaintiff's medical history related to Plaintiff's prior injuries would be useful to Defendant's efforts to limit the extent of Plaintiff's claimed damages based on Plaintiff's prior injuries to warrant denying discovery pursuant to Fed.R.Civ.P. 26(b)(2)(C)(iii). For example, according to the record, Doc. No. 26 at 8, Plaintiff's pain continues, since Plaintiff's 1999 auto accident, to affect Plaintiff's left leg, the location of Plaintiff's alleged injury from Plaintiff's accident in this case. Based on this, a fact trier could reasonably find Plaintiff's inability to work or enjoy life, if caused

by Plaintiff's pain, actually stems from Plaintiff's prior injury, and does not result from the instant accident.  As such, Plaintiff's generalized assertion that Defendant's authorization requests seek irrelevant information is insufficient to defeat Defendant's discovery demands.

## CONCLUSION

Based on the foregoing, Defendant's motion (Doc. No. 15) is GRANTED. Plaintiff shall provide the authorizations in accordance with Defendant's requests **within 10 days**.  Oral argument scheduled for April 2, 2012 is CANCELLED.  Plaintiffs' response to Defendant's request for attorneys fees shall be filed **within 10 days**; Defendant's Reply shall be filed **within 10 days** thereafter.  Oral argument on Defendant's request will be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 1, 2013
         Buffalo, New York